IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES MARLIN                                                                                          PETITIONER

V.                                       No.  5:11-CV-05060-JLH

GOVERNOR MIKE BEEBE,
STATE OF ARKANSAS                                                                        RESPONDENT

### REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed March 8, 2011 under 28 U.S.C. Section 2254.  An order was entered on March 8, 2011 granting the Petitioner *in forma pauperis* status but directing the clerk to mail a § 2254 form to the Petitioner to be completed on or before April 7, 2011.(ECF No. 3).  The Petitioner has failed to complete the Section 2254 complaint on the approved form and service has not bee authorized.

### I.  Background

The Petitioner entered a plea of guilty to Kidnaping in Washington County Circuit Court on September 6, 2002 and was sentenced to 360 months imprisonment.  On the same day he entered a plea of guilty to Murder in the 1st Degree in Madison County Circuit Court and received a life sentence. (See Exhibit A).

The Petitioner filed Rule 37 motion in the Madison County case on December 9, 2002 (See Exhibit B) and in the Washington County case on December 30, 2002 (See Exhibit C) The Court wrote to the Petitioner on December 10, 2002 and explained that his Petitions were not

timely (See Exhibit D) and entered orders denying the Rule 37.1 motion in both cases. (See Exhibit E & F). The Petitioner then filed a Motion for Reconsideration (See Exhibit G) on January 3, 2003 which was denied by the court on January 14, 2002. (See Exhibit  ) The Petitioner filed an appeal of the Circuit Judge's decision which was affirmed by the Supreme Court of Arkansas in an unpublished opinion on September 18, 2003. (*See Marlin v. Arkansas*, 2003 WL 22145827). The Petitioner filed the current Writ of Habeas Corpus on March 8, 2011 attempting to withdraw his plea and seeking monetary damages. (ECF No. 1).

## II.  Discussion

**A.  Statute of Limitations:**

      The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1).

      The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      After entering his guilty pleas on September 6, 2002, Petitioner could not appeal his

convictions. *Seibs v. State*, 357 Ark. 331, 333, 166 S.W.3d 16, 17 (2004); Ark. R. Cr. P. 24.3; Ark. R. App. P. - Cr. 1. Petitioner did not file a timely post conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure. For guilty pleas such petitions are to be filed within 90 days of the date of entry of judgment. Ark. R. Cr. P. 37.2. The petitioner had until December 5, 2002 to file for state post conviction relief. The Petitioner did not file any post conviction petition under Rule 37 until December 9, 2002 and, therefore, the deadline for filing a habeas petition under 28 U.S.C. Section 2244 was September 6, 2003.

The Petitioner attempted to file a belated appeal of the state Circuit Court order denying his Rule 37.1 motion but the Arkansas Supreme Court, on September 18, 2003, denied the belated appeal and noted that even if granted the appeal was without merit. *(See Marlin v. Arkansas*, 2003 WL 22145827). Even if this court were to consider that the statute of limitations for the section 2254 relief ran from the day of the Arkansas Supreme Court decision the petition would still be well beyond the one year limitation.

**B. Equitable Tolling:**

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging

lack of legal knowledge or legal resources).

The Petitioner has not asserted any such grounds as the basis for his failure to properly file the petition. The Petitioner was aware of all of his complaints concerning his attorney at the time of the plea and there is no basis to apply equitable tolling.

In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002). Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard. *Beery v. Ault,* 312 F.3d 948, 951 (8th Cir.2002); *see also Rouse v. Lee*, 339 F.3d 238, 248-49 (noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to support equitable tolling). Serious attorney misconduct, as opposed to mere negligence, "may warrant equitable tolling." *Beery*, 312 F.3d at 952. Other circuits have also held that an attorney's misdeeds may equitably toll the statute of limitations. *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir.2003) (tolling state habeas petitioner's statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002)

The Plaintiff has only asserted that his attorney "scared" him into pleading guilty even though he represented to the court that his plea was free and voluntary. The Plaintiff's assertions

are vague and self serving because the defendant was facing a Capital Murder charge which carried a potential death sentence. It is possible that his attorney felt that he could be convicted and sentenced to death and gave his client his opinion about the case and the prospect for pleading to a reduced charge. Such conduct on the part of the attorney, even if the court accepted it as true, would not constitute serious misconduct and, therefore, be no basis for equitable tolling.

**C. Substantive claims by Petitioner**

Even if the court were to consider the claims made by the Petitioner they would be without merit. The Petitioner contends that the search of his home was illegal (Id., ¶ 3), that he was not charged by Indictment (Id., ¶ 5) and that his counsel was ineffective and that he "scared" him into entering a plea of guilty (ECF No. 1, ¶ 9).

The Petitioner entered a negotiate plea on September 6, 2002 to the offense of Kidnaping and Murder in the 1st Degree. The court notes that the charge was reduced from Capital Murder, which carries a potential death penalty or life without parole, to a charge of Murder in the 1st degree which carries a life sentence. It was a substantial benefit to the Petitioner not to have to face a possible death sentence.

**1. Illegal Search:**

Generally, a petitioner who enters a valid and unconditional guilty plea is barred from challenging a pre-plea constitutional violation in a subsequent federal habeas corpus proceeding. *Tollett v. Henderson*, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Iron Wing v. United States*, 34 F.3d 662, 664 n. 2 (8th Cir.1994). The petitioner, however, may contend that his guilty plea was not voluntary and intelligent, see *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct.

366, 88 L.Ed.2d 203 (1985); *Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or contend that the advice he received from his trial counsel was ineffective under the Sixth Amendment, Tollett, 411 U.S. at 267, 93 S.Ct. 1602; *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). See also *Bass v. United States*, 739 F.2d 405, 406 (8th Cir.1984) ("after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea").

The Petitioner does not state what evidence was seized as a result of the police officer's search of his home or how that would have changed his plea but it is clear it was never presented to the state court. In order to present a habeas claim to the state court, a prisoner must "fairly present" not only the facts, but also the substance of his federal habeas corpus claim. See id. In this circuit, to satisfy the "fairly presented" requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. *See Abdullah v. Groose*, 75 F.3d 408, 411-412 (8th Cir.1996).

A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus application have been properly raised in the prisoner's state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir.1994); see also *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992) (full and fair presentment of claims to the state court requires "full factual development" of the claims in that forum). A "petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance." *Clay v. Norris*, 485 F.3d 1037, 1039

(8th Cir.2007) (citing *Coleman v.. Thompson*, 501 U.S. 722, 732 (1991)).

### 2. Not Charged by Indictment

As to his contention that he was not charged by Indictment the State of Arkansas does not require that an Indictment be returned by a Grand Jury but places the power to criminally charge an individual in the hands of the duly elected Prosecuting Attorney. Although this argument has been raised innumerable times in criminal matters, it has no merit and "has never prevailed." *Ruiz v. State*, 299 Ark. 144, 165, 772 S.W.2d 297, 308 (1989). *Hill v. State,* 2009 WL 223869, 2 (Ark.) (Ark.,2009).

### 3. Ineffective Assistance

To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, Petitioner must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must first show that his counsel's performance was deficient. Id. at 688, 104 S.Ct. 2052. To satisfy this prong Petitioner must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689, 104 S.Ct. 2052. Even if Petitioner could prove deficient performance, he would still have to prove prejudice by showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052.

The only allegation in the Plaintiff's petition concerning ineffective assistance of counsel appears to be that his attorney "scared" the Petitioner into pleading guilty.  The Petitioner states that his attorney told him he had one of two choices "life or death".  The Petitioner then states

that he did not want to change his plea but he did not want to die. (ECF No. 1, ¶ 9). It cannot be ineffective assistance of counsel for the Petitioner's attorney to advise his of the sentencing range or to give an opinion concerning his evaluation of the case or a recommendation to enter a plea. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *U.S. v. Rice*, 449 F.3d 887 at 897 (*quoting Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). See also *Francis v. Miller*, 557 F.3d 894 (8th Cir. 2009) (trial strategy decision, if reasonable at the time, cannot support ineffective assistance claim even if, in hindsight, better choices could have been made).

      The Petitioner contends in his Rule 37.1 Petition that he was on anti-depressant medication and was drinking the night before the plea and therefore his plea was not voluntary. This argument was not raised in the Petitioner's 2254 Motion and should be considered abandoned. Even is not abandoned it is without merit.

      The court notes that the Petitioner was out on bond at the time he entered his plea. (ECF No. 1, ¶ 7). He would have been free to consult with his parents and other individuals concerning his attorney's advice and free to consult with his attorney at his will. The Judgments contain a finding by the court that the "Defendant voluntarily, intelligently, and knowingly entered a negotiated plea of guilty." (See Exhibit I &J).

      While due process requires that a defendant be competent to plead guilty, *(See Pate v. Robinson*, 383 U.S. 375, 384-85, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)) in this case, the state court expressly determined that the Petitioner was mentally competent to enter his plea and that his plea was voluntarily. A state court's conclusion regarding a defendant's competency is entitled to such a presumption [of correctness]. *Demosthenes v. Baal*, 495 U.S. 731, 735, 110

S.Ct. 2223, 109 L.Ed.2d 762 (1990).

Based upon a review of the information before the court it appears that the Petition is not timely and is barred by the statute of limitations and even if not barred it is without merit.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The defendant shall have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The defendant is reminded that objections must be both timely and specific to trigger de novo review by the district court**

IT IS SO ORDERED this 20th day of May 2011.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE